[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #108
The Defendant has moved for Summary Judgment on his special defense claiming the action is barred by collateral estoppel. In this action, the Plaintiff alleges that the Defendant made threats to him with an object that bore an appearance of a shotgun and thereafter appeared at his workplace with a weapon. The Plaintiff complains that this conduct caused him severe emotional distress and seeks damages.
Defendant argues that this matter should be barred under the theory of issue preclusion collateral estoppel since the issues in this case were already decided by an administrative agency. Denfendant notes that an administrative hearing was held before the State of Connecticut Board of Firearms Permit Examiners to determine whether the defendants permit to carry a firearm should be revoked for the incident subject of this law suit.
Collateral estoppel is not available to preclude a claim unless the issues involved in each case are identical. "Before collateral estoppel applies there must be an identity of issues CT Page 6785 between the prior and subsequent proceedings." To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,297, 596 A.2d 414 (1991); Crochiere v. Board of Education,227 Conn. 333, 345 (1993). The issue before the administrative agency concerned just cause to revoke a pistol permit under Connecticut General Statutes Sec. 29-326. The issue in the instant case concerns whether the Defendant's actions caused Plaintiff severe emotional distress. These issues are not identical and therefore the doctrine of collateral estoppel cannot be invoked.
Accordingly, the Defendant's Motion for Summary Judgment is denied.
Pellegrino, J.